UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BRENT J. JOHNS,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    No. 4:17-CV-2762 CAS
                                   )
UNKNOWN MCFERRON, et al.,          )
                                   )
        Defendants.                )

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff, Brent Jeffrey Johns, who is currently detained at St. Louis County Justice Center, to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.84. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of Wallace v. Kato, 549 U.S. 384 (2007), based on the pendency of an underlying criminal cases against plaintiff that arises out of the same facts.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court shall dismiss a complaint filed *in forma pauperis* if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 460-63 (E.D.N.C. 1987),

aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff Brent J. Johns brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are: Detective Unknown McFerron; Sgt. Henry Moore (Missouri State Highway Patrol Officer); Police Officer Unknown Brown; Unknown Owners of the River City Casino; Missouri Highway Patrol; Federal Gaming Commission; Dale Montgomery, Jr. (Security Director, River City Casino); John and Jane Doe Employees of River City Casino.

Plaintiff states that on or about March 4, 2015, he was unlawfully seized and falsely imprisoned by defendant Montgomery, Sgt. Moore, and other unnamed officials employed by the River City Casino. He asserts that his truck was searched in the River City Casino parking lot, and he was taken to the St. Louis County Police precinct, where he was further held and questioned by Police Officer Brown relating to a weapon that was kept in a locked box in his truck, which plaintiff claims belonged to his father. Plaintiff was eventually charged with unlawful possession of a firearm. See State v. Johns, No. 16SL-CR00718-01 (21st Judicial Circuit, St. Louis County Court).

In his request for relief, plaintiff seeks compensatory and punitive damages.

## Criminal Background

The Court takes judicial notice that a review of Missouri Case.Net shows that Officer Weber swore out an affidavit in support of a felony complaint against plaintiff on January 28, 2016, in State v. Johns, No. 16SL-CR00718-01 (21st Judicial Circuit, St. Louis County Court). In the affidavit, Officer Weber stated:

> I, Joshua Weber, DSN 238 A, St. Louis County Police Department, knowing that false statements on this form are punishable by law, state that the facts contained herein are true. I have probable cause to believe that on March 4, 2015, at 777 River City Casino Blvd., St. Louis County, Mo. Brent Johns, White Male, . . ., 225 lbs, committed on or more criminal offense(s).
>
> Count: 01 UNLAWFUL POSSESSION OF A FIREARM CLASS C FELONY
>
> The facts supporting this belief are as follows:
> Defendant is seen entering a room where guns and drugs were previously discovered by police. Defendant was questioned by police and admitted to being a drug user and gave officer permission to search his vehicle. Defendant admitted to having a gun in his car. Search of the vehicle revealed a black and gray semi-automatic handgun. Defendant has prior felony convictions.[1]

The Court has reviewed plaintiff's criminal case in State v. Johns, No. 16SL-CR00718-01, and found that plaintiff was initially arrested on the evening of the incident, but he was then released until the criminal complaint was filed in January of 2016. A warrant was issued for his arrest on or about February 2, 2016, it was served on plaintiff, and he was taken into custody at the end of February 2016. Although plaintiff initially posted bond, his bond was revoked on three separate occasions for various reasons. Plaintiff has been consistently incarcerated since March 2017 awaiting trial. Plaintiff's case is currently set for trial on April 30, 2018.

In State v. Johns, No. 16SL-CR00807-01 (21st Judicial Circuit, St. Louis County Court), the State of Missouri filed a four-count complaint alleging that plaintiff committed four Class C felonies of forgery by writing fraudulent checks out of the bank account of Whelan Security on or about October 11, 2015. This matter is currently set for trial on April 30, 2018.

In State v. Johns, No. 16SL-CR02012-01 (21st Judicial Circuit, St. Louis County Court), the State of Missouri filed a one-count complaint alleging that plaintiff committed the Class C felony of forgery. The complaint alleged that on or about December 14, 2015, plaintiff was

---

[1] Plaintiff had a prior felony conviction for forgery in the 207th Judicial District Court for the State of Texas.

possessing, with the intent of using, seven counterfeit $50 bills. This matter is currently set for trial on April 30, 2018.

In State v. Johns, No. 16SL-CR07730-01 (21st Judicial Circuit, St. Louis County Court), the State of Missouri filed a one-count complaint alleging that, between March 16, 2016 and March 17, 2016, plaintiff committed the Class C felony of identity theft, by using a checking account number not lawfully issued for his use, which resulted in a theft of money in excess of $500. This matter is currently set for trial on April 30, 2018.

In State v. Johns, No. 16SL-CR07867-01 (21st Judicial Circuit, St. Louis County Court), the State of Missouri filed a one-count complaint alleging that between July 26, 2016 and August 17, 2016, plaintiff committed the Class C felony of identity theft by using the name, date of birth, address and social security number of a particular individual that resulted in the theft of credit in excess of $500. This matter is currently set for trial on April 30, 2018.

On or about March 1, 2017, as alleged in State v. Johns, No. 17SL-CR01553-01 (21st Judicial Circuit, St. Louis County Court), Florissant police pulled over a car, operated by plaintiff, for traffic violations.

It is alleged that plaintiff provided a false name and pedigree information. As the officer informed plaintiff that the name he provided was not connected to a valid Missouri driver's license, plaintiff drove away from the stop at a high rate of speed. As officers followed, plaintiff drove directly at one officer's patrol car, forcing the officer to swerve to elude a collision. Plaintiff drove at a high rate of speed in a residential area and failed to yield to oncoming traffic. Officers eventually located the stopped vehicle, and plaintiff refused commands to exit the vehicle and reversed the car in an attempt to get away. In doing so, he struck Officer Joshua Smith in the leg. Police pursued the car again to a parking lot, where plaintiff abandoned the car and attempted to hide behind a business. Plaintiff then resisted arrest by swinging his fists and

kicking at the officers, but was eventually subdued and taken into custody. In the complaint filed on March 2, 2017, plaintiff was charged with two counts of felony assault in the second degree and two counts of felony resisting arrest.[2] *Id.*

**Discussion**

As the record shows, plaintiff filed this "false arrest" and "false imprisonment" case while he is awaiting trial in the underlying criminal case against him. See State v. Johns, No. 16SL-CR00718-01 (21st Judicial Circuit, St. Louis County Court).

In Wallace v. Kato, 549 U.S. 384, 397 (2007), the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process." The Court also instructed that where, as here, "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in a conviction, and whether the impending civil action will impugn that verdict. . . – all this at a time when it can hardly be known what evidence the prosecution has in its possession." Id.

After careful consideration, the Court finds that the principles established in Wallace dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal charges pending against plaintiff are completely resolved, through plaintiff's probationary period, the appeals process and through post-conviction relief. See Wallace, 549 U.S. at 394.

---

[2]Plaintiff has several other outstanding criminal actions at this time in St. Louis County, as well as Jefferson County, St. Francois County and Saint Genevieve County.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $1.84 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.[3]

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal charges, as well as plaintiff's probationary process, any appeals and post-conviction remedies, in State v. Johns, No. 16SL-CR00718-01 (21st Judicial Circuit, St. Louis County Court).

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days to notify the Court in writing concerning the final disposition of all criminal charges, as well as plaintiff's probationary process, any appeals and post-conviction remedies, in State v. Johns, No. 16SL-CR00718-01 (21st Judicial Circuit, St. Louis County Court).

**IT IS FURTHER ORDERED** that plaintiff's motion for counsel [Doc. 3] is **DENIED** without prejudice.

---

[3]After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner will deduct the payments and forward them to the Court each time the amount in the account exceeds $10. 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal charges against plaintiff, and may be reopened by this Court.

                                                              */s/ Charles A. Shaw*
                                                    **CHARLES A. SHAW**
                                                    **UNITED STATES DISTRICT JUDGE**

Dated this 24th day of January, 2018.